IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE: REGARDING MICHAEL C. TIERNEY | ) ) ) ) ) | NO. 1:12cv-00532 SOM/KSC<br><br>DISMISSAL ORDER |

      Plaintiff Michael C. Tierney, a Hawaii inmate confined at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, originally filed this pleading as Motion for Hearing in *Tierney v. Hamada*, No. 1:12-cv-00117 SOM.  Because Plaintiff's Motion raised claims that are separate and distinct from those he raised in 1:12-cv-00117, and seek to append new, unrelated claims against new and unidentified defendants to those in 1:12-cv-00117 SOM, in an apparent attempt to avoid 28 U.S.C. § 1915(g)'s restrictions preventing the filing of a new action *in forma pauperis*, the court directed the Clerk to file Plaintiff's pleading as a new, randomly assigned prisoner civil rights action.  ECF #1.  Plaintiff chiefly protests his recent transfer from Hawaii to Arizona and seeks a hearing on this allegedly illegal "extradition."  *Id.* at PageID #1.

    **I.  "THREE STRIKES PROVISION" OF 28 U.S.C. § 1915(g)**

      A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,

>     unless the prisoner is under imminent danger
>     of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Plaintiff has filed numerous civil actions and appeals in the federal courts since 1995. *See* PACER Case Locator, http://pacer.psc.uscourts.gov. At least three of Plaintiff's prior lawsuits qualify as "strikes" under § 1915(g):

   (1) *Tierney v. United States*, 1:11-cv-00082 HG
       (D. Haw. Feb. 7, 2011) (dismissing as
       frivolous and finding Plaintiff had accrued
       three strikes);

   (2) *Tierney v. United States*, 1:10-cv-00675 HG
       (D. Haw. Dec. 1, 2010) (dismissing as
       frivolous and finding Plaintiff had accrued
       three strikes); and

   (3) *Tierney v. United States*, 1:10-cv-00166 HG
       (D. Haw. Apr. 9, 2010) (dismissing as

>     frivolous and finding the dismissal counted
>     as a strike).[1]

Therefore, Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

## II.  ANALYSIS

### A.  Imminent Danger Exception

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee unless he or she is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[T]he exception

---

[1] This court and the Ninth Circuit Court of Appeals have notified Plaintiff about his many strikes numerous times.  *See, e.g.*, *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (finding that Plaintiff has three strikes under 28 U.S.C. § 1915(g)); *Tierney v. Matsuoka*, No. 1:12-cv-00286 DAE (D. Haw. June 28, 2012) (dismissed after notice pursuant to § 1915(g)); *Tierney v. Fasi*, No. 1:12-cv-00148 JMS (D. Haw. Apr. 19, 2012) (dismissed after notice pursuant to § 1915(g)).

applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055.  Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

**B.   Plaintiff's Allegations of Imminent Danger**

Plaintiff alleges that his transfer from Hawaii to Arizona in June 2012 violated due process, because he cannot be paroled from Arizona and has many civil cases pending in Hawaii. Plaintiff also broadly alleges that he is being denied dental and medical care since his transfer.  Plaintiff does not clearly identify who is responsible for the alleged violations, although he names Dr. Francis Hamada, a dentist employed at the Oahu Community Correctional Center ("OCCC"), and other unidentified OCCC defendants in his caption.  These allegations do not support a finding that Plaintiff is in imminent danger of serious physical injury from any action or inaction by Dr. Hamada or OCCC prison officials.

First, to the extent Plaintiff protests his June 2012 transfer to Arizona, he fails to state a claim.[2]  Plaintiff has

---

[2] Plaintiff recently submitted another complaint making identical claims, and in that connection the court carefully
(continued...)

no liberty interest in remaining at a particular prison or in being free from transfer out of Hawaii. *See, e.g.*, *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983) (interstate prison transfer does not implicate Due Process Clause). Nor does he have a right to be physically present at Hawaii civil court hearings. *Cf.*, 42 U.S.C. § 1997e(f) (providing that federal prisoner actions be "conducted by telephone, video conference, or other telecommunications technology without removing the prisoner from the facility in which the prisoner is confined"). It is also unlikely that Dr. Hamada or any OCCC prison official is responsible for Plaintiff's out-of-state transfer, and Plaintiff provides no facts supporting this conclusion.

Second, to the extent Plaintiff complains of the denial of dental or medical care in Arizona, he names no individual responsible for this alleged denial and provides no facts in support of such a claim. He does not, therefore, "plausibly allege" imminent danger of serious physical injury. Moreover, venue for these types of claims lies in Arizona. *See* 28 U.S.C. § 1391. Plaintiff is well acquainted with the federal courts and has shown that he is capable of filing an action naming proper defendants in the proper court with sufficient supporting facts,

---

[2](...continued)
explained that these types of claims are not cognizable and do not satisfy the imminent danger exception to § 1915(g). *See Tierney v. Abercrombie*, No. 1:12-cv-00389 JMS, Order Dismissing Complaint and Action, ECF #6.

when it suits his purposes.  He has already filed one suit in the District of Arizona alleging the denial of adequate dental care, *see* 2:12-cv-01554-FJM (D. Ariz.), and several cases alleging the same in this court.  *See e.g.*, 1:12-cv-00308 SOM (D. Haw.); 1:11-cv-00117 SOM; 1:11-cv-00369 JMS (D. Haw.) 1:11-cv-00800 DAE (D. Haw.).  Plaintiff does not plausibly allege facts suggesting imminent danger of serious physical injury, and if he were allowed to amend to present sufficient facts, venue for those claims would lie in Arizona, not Hawaii.

Plaintiff may not, therefore, proceed in this action without prepayment of the civil filing fee, pursuant to 28 U.S.C. § 1915(g).  Accordingly, the Complaint and action are DISMISSED without prejudice.  If Plaintiff wishes to reassert these claims in the future, he may do so by concurrently submitting the entire $350.00 filing fee when he files the action.

The Clerk of Court shall close this case.  All pending motion are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 1, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*In re: Tierney*, No. 1:12-cv-00532 SOM/KSC; Dismissal Order; G:\docs\prose attys\3 Strikes Ords & OSCs\DMP\2012\Tierney 12-532 som  (1915(g) no imm. dng).wpd