IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In Re: | ) | NO. 1:12-cv-00532 SOM/KSC |
| | ) | |
| MICHAEL C. TIERNEY, | ) | ORDER DENYING MOTION FOR |
| #A0201434, | ) | RECONSIDERATION AND ALL |
| _____ | ) | PENDING MOTIONS |

**ORDER DENYING MOTION FOR RECONSIDERATION AND ALL PENDING MOTIONS**

Plaintiff moves for reconsideration of the October 2, 2012, order dismissing this action.  *See* Mot., ECF #10; Dismissal Order ECF #5.  Plaintiff also requests *in forma pauperis* status, ECF #9 and #14, and appointment of counsel, ECF #12, as well as a hearing on his claims, and transfer to Hawaii ECF #11.  He has just filed a proposed amended complaint.  ECF #13.  Plaintiff's Motions are DENIED.

**I.   BACKGROUND**

On September 26, 2012, Plaintiff attempted to file the pleading in this action as Motion for Hearing in *Tierney v. Hamada*, No. 1:12-cv-00117 SOM.  Because this "Motion" raised unrelated claims against new and unidentified defendants, in an apparent attempt to avoid 28 U.S.C. § 1915(g)'s restrictions preventing Plaintiff from filing a new action *in forma pauperis*, the court construed Plaintiff's document as a new pleading and opened a new prisoner civil rights case.  ECF #1.  Plaintiff's new pleading chiefly protested his transfer from Hawaii to Arizona and sought a hearing on his allegedly illegal

"extradition." *Id.* at PageID #1.  Plaintiff also vaguely alleged that he was being denied medical and dental care in Arizona and was unable to qualify for parole given his transfer.  *Id.*

On October 2, 2012, the court dismissed this action without prejudice to Plaintiff's filing of a new action with concurrent payment of the filing fee *in Arizona*.  Dismissal Order, ECF #4.  The court specifically found that Plaintiff had accrued three strikes under § 1915(g) and had failed to plausibly allege that he was in imminent danger of serious physical injury; he was therefore not entitled to proceed *in forma pauperis*.  *Id.* at PageID #10-14.  Regarding Plaintiff's vague claims that he was being denied dental and medical care, the court held that Plaintiff had failed to assert any facts supporting these claims, had failed to name any individual in Arizona who was liable to him, and had failed to explain why venue for such claims might lie in Hawaii, rather than in Arizona, where the alleged violations occurred.  *Id.* at PageID #13-14.  Plaintiff was *not* given leave to amend any pleading; he was informed that he could file a new action alleging these claims only with concurrent payment of the filing fee or with a sufficient showing of imminent danger, but that venue for that action would lie in Arizona, not Hawaii.

Plaintiff now moves for reconsideration of the October 2, 2012, Dismissal Order, arguing that he should have been given

leave to amend his claims before dismissal.  Plaintiff has submitted a proposed amended complaint, naming Ted Sakai, the Director of the Hawaii Department of Public Safety ("DPS"), Shari Kimoto, DPS Mainland Branch Administrator, and Jeanette Baltero, DPS Contract Monitor, as Defendants.  Plaintiff concludes, with no supporting factual allegations or proof, that these individuals are responsible for his allegedly illegal transfer to Arizona, and for denying him medical and dental care in Arizona. *See* Proposed Amended Compl., ECF #13, PageID #33, #36-38.

        In support of his claims for the denial of dental and medical care, Plaintiff attaches to his proposed amended complaint medical requests that he says he submitted to the Arizona prison medical department.  *See* Medical Requests, ECF #13-3, #13-4, #13-5.  On September 6, 2012, Plaintiff complained that he had a toothache, was in pain, and needed his teeth cleaned.  ECF #13-3.  Less than a week later, on September 13, 2012, prison officials responded by informing Plaintiff that he had been placed on the "routine list" for a dental appointment.  On September 25, 2012, Plaintiff submitted a second request, stating that he had had a cancerous tumor removed on September 11, 2012, and needed to know when further tests would be performed.  The next day, September 25, 2012, the prison nurse made an appointment for Plaintiff and informed him that he was scheduled to speak with medical personnel regarding his

operation. ECF #13-5. On September 28, 2012, Plaintiff submitted his third medical request, alleging that he had fallen from his bunk and needed medical care. ECF #13-4. The very next day, September 29, 2012, the medical department scheduled Plaintiff for a medical appointment. *Id.*

## II.   LEGAL STANDARD

Rule 60(b) permits reconsideration based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the voidness of a judgment; (5) the satisfaction, release, or discharge of a judgment, or the reversal or vacation of a prior judgment upon which a ruling is based, or inequities in applying a judgment prospectively; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(1)-(b)(6). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

**A.   Reconsideration**

Plaintiff moves for reconsideration, stating that prisoners are usually allowed to correct deficiencies in their complaints by amendment before the court dismisses the action. Plaintiff's proposed amended complaint, however, fails to convince this court to reconsider the Dismissal Order.  Although Plaintiff carefully names only DPS Hawaii prison officials in the amended complaint, in an apparent attempt to justify venue in Hawaii, he fails to name or explain who *in Arizona* actually denied him dental or medical care.  The court is not persuaded that venue for these claims lies in Hawaii, despite Plaintiff's calculated maneuvering.

More importantly, Plaintiff commenced this action on **September 22, 2012**, the day he signed his original pleading.  *See* ECF #1.  Plaintiff's own exhibits show that Arizona prison medical personnel put him on the dental appointments list within one week of his first request on September 6, 2012.  ECF #13-3. This does not support Plaintiff's vague claim that he was denied dental care in Arizona.  Nor is it possible for Plaintiff to have grieved this claim before he submitted his Complaint in this action.  *See* 42 U.S.C. § 1997e.

Plaintiff's two other requests for care were submitted to prison authorities *after* he signed and sent the original pleading to this court for filing.  *See* Compl., ECF #1 (signed

5

September 22, 2012); ECF #1-1 (mailing documentation showing the pleading was received by prison officials on September 23, 2012, and mailed the same date). "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The proposed amended complaint does not support a finding of imminent danger of serious injury. Nor does it support Plaintiff's claims that he has been denied medical or dental care. Rather, it shows that Plaintiff was treated for a cancerous tumor on September 11, 2012, and his other medical and dental requests have been promptly addressed.

As Plaintiff was informed, he may raise his claims in Arizona by filing a new action. Plaintiff, however, fails to provide an intervening change in controlling law, competent new evidence that was unavailable to the court, or a sufficient argument showing the need to correct clear error or prevent manifest injustice relating to this court's October 2, 2012, Dismissal Order. His proposed amended complaint has no effect, not having been allowed by this court. Plaintiff's Motion Under Rule 60(b), ECF #10, is DENIED.

**B.   Plaintiff's Remaining Motions**

Having denied Plaintiff's motion for reconsideration, the court denies as moot Plaintiff's remaining motions for *in*

*forma pauperis* status, a hearing on his claims, transfer to Hawaii, and appointment of counsel.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 24, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*In re: Michael C. Tierney,* 1:12-cv-00532 SOM/KSC; ORDER DENYING MOTION FOR RECONSIDERATION AND ALL PENDING MOTIONS; G:\docs\prose attys\Recon\DMP\2012\Tierney 12-532 som (R60, M. amd, 2 IFP, appt. couns., hrg).wpd